**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 108878

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| National Photo Group, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MOGULDOM MEDIA GROUP, LLC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

National Photo Group, LLC ("*NPG*" and/or "*Plaintiff*"), by and through its undersigned counsel, as and for its Complaint against Defendant MOGULDOM MEDIA GROUP, LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover for copyright infringement.

2. Plaintiff herein provides entertainment-related photojournalism goods and services. Specifically, Plaintiff owns the rights to a multitude of photographs, primarily featuring celebrities, which Plaintiff licenses to online and print publications. Plaintiff has obtained U.S. copyright registrations covering the vast majority of its photographs, and many others are the subject of pending copyright applications.

1

3. Defendant owns and operates the websites known as bossip.com and madamenoire.com (the websites are collectively referred to herein as the "*Websites*") and, without permission or authorization from Plaintiff, actively copied, stored, modified, and/or displayed Plaintiff'ss photographs on the Websites without permission or authorization from Plaintiff. Defendant engaged in this misconduct knowingly and in violation of the United States copyright laws.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

5. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010); *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 (9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

6. This Court has personal jurisdiction over MOGULDOM MEDIA GROUP, LLC because MOGULDOM MEDIA GROUP, LLC maintains its principal place of business in New York.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because MOGULDOM MEDIA GROUP, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

### I.   Plaintiff

8. NPG is a California Limited Liability Company and maintains its principal place of business in Los Angeles County, California.

### II.   Defendant

9. Upon information and belief, Defendant MOGULDOM MEDIA GROUP, LLC, is a New York Limited Liability Company with a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## FACTS

10. The Websites are popular and lucrative enterprises that purposefully display celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

11. Defendant advertises madamenoire.com as being "the leading lifestyle website[s] for black women with more than 7.2 million unique visitors per month."

12. Defendant further states that it "launched MadameNoire in 2010 to serve as a daily source of news and inspiration for smart, stylish black women."

13. The site's mission is "to empower millennial women of color with engaging content that covers everything from health, fashion and beauty to career, parenting, entertainment and breaking news."

14. Defendant advertises bossip.com as being "the premier destination for African American popular culture and entertainment, with a voice that's edgy, viciously hilarious, politically aware–and completely unique."

15. The Websites are monetized in that they contain paid advertisements and/or sell merchandise to the public and, upon information and belief, Defendant profits from these

activities.

16. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Websites.

17. Upon information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "*Infringements*").

18. As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

19. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Websites.

20. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

21. Upon information and belief, Defendant takes an active and pervasive role in collating and/or curating the content posted on its Websites including, but not limited to: copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

22. Upon information and belief, Defendant directly contributes to the content posted on the Websites by, *inter alia*, directly employing editors, staff writers, contributors, moderators and/or administrators, as Defendant's agents (hereinafter collectively referred to as

4

the "Employees") who are responsible for operating and controlling the content and activities on the Website.

23. Defendant's act of designating Employees as editors, staff writers, contributors, moderators and/or administrators, regardless of their actual position or their nature of relationship with Defendant, and providing them with specific Website-related powers beyond that of a typical user leads a "third party reasonably to believe the actor has authority to act on behalf of the Defendant." Restatement (Third) of Agency, § 2.03 (2006); *Columbia Pictures Industries, Inc. v. Fung*, 2009 WL6355911 (C.D.Cal. 2009) *aff'd in part and modified*, 710 F.3d 1020 (9th Cir. 2013).

24. At all material times hereto the Employees were acting within the course and scope of their employment.

25. At all material times hereto the Employees were acting within the course and scope of their agency.

26. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act (the "DMCA") provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

27. Upon information and belief, Defendant's conduct is not safe-harbored by the DMCA in that none of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c). Instead, the Infringements were posted by Veronica Wells, an associate editor for Defendant.

28. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

29. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

30. Additionally, on information and belief, Defendant, with "red flag" knowledge of the infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the fact that the content featured on the Website is created primarily, if not exclusively, by Defendant and/or the Employees.

31. Further, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right, which, on information and belief, is evidenced by the fact that Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

32. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Websites had increased traffic to the and, in turn, Defendant realized an increase its advertising revenues and/or sales. *17 U.S.C. §512(c)(1)(B).*

33. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Websites.

34. Upon information and belief, Defendant at all times had the ability to stop the

6

reproduction and display of Plaintiff's copyrighted material.

35. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

36. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs, as though same were set forth more fully hereinbelow.

37. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

38. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

39. Without permission or authorization from Plaintiff and in willful violation of their rights under 17 U.S.C. §106, Defendant and/or its Employees improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

40. Defendant's reproduction of the Photographs and display of the Photographs on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

41. Upon information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

42. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000 per infringement, or, up to $150,000 per infringement for any infringement found to be willful, in an amount to be proven at trial.

## SECOND COUNT
### *(Contributory Copyright Infringement)*

43. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs, as though same were set forth more fully hereinbelow.

44. Upon information and belief, the Photographs were may not have been stored directly on the Defendant's servers.

45. Upon information and belief, the Photographs displayed on the Websites by means of hyperlinking which entails computer instructions identifying the electronic location of where the Photographs were stored and how to display them.

46. The Photographs, at their storage location, were stored there without permission or authorization from Plaintiff in willful violation of their rights under 17 U.S.C. §106.

47. The Photographs, at their storage location, were improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed thereby violating one or more of Plaintiff's exclusive rights in its copyrights.

48. Defendant herein has caused enabled, facilitated and materially contributed to the infringement at their storage location complained of herein by, providing the tools and instruction for infringement via their Websites and has directly and indirectly promoted the infringement and refused to exercise their ability to stop the infringement made possible by their distribution.

49. Defendant had a continuing relationship with the individuals using the Websites after distribution of the product, and, thus, Defendant's actions substantially contributed to the infringing activity. For example, the Infringements at issue were posted by Defendant's Employee(s) and/or associate editor(s).

50. Defendant is liable as contributory infringer since it had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); *A&M Records, Inc. v. Napster, Inc.* 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

51. Defendant's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff

52. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000 per infringement, or, up to $150,000 per infringement for any infringement found to be willful, in an amount to be proven at trial.

### THIRD COUNT
*(Vicarious Copyright Infringement)*

53. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs, as though same were set forth more fully hereinbelow.

54. At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents and members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

55. For example, on information and belief, Defendant had the practicable ability to police the images on the Website when its Employees posted, edited, modified and/or

9

interacted with the Photographs, and therefore had the right and ability to supervise and control the infringing Photographs.

56. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members has continued to infringe upon Plaintiff's Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

57. Upon information and belief, Defendant enjoyed a direct financial benefit from the infringing activity of its members, Employees and agents from, *inter alia*, advertising revenue from the increased traffic to its Website and from increase in fees paid by sponsors.

58. Upon information and belief, Defendant further enjoyed a direct financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue.

59. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.*, Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

60. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000 per infringement, or, up to $150,000 per infringement for any infringement found to be willful, in an amount to be proven at trial.

## FOURTH COUNT
### *(Injunction Pursuant to 17 U.S.C. §502)*

61. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs, as though same were set forth more fully hereinbelow.

62. Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

## FIFTH COUNT
### *(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

63. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs, as though same were set forth more fully hereinbelow.

64. Plaintiff requests, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

## JURY DEMAND

65. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000 per infringement, or, up to $150,000 per infringement for any infringement found to be willful, in an amount to be proven at trial or, in the alternative, Plaintiff's actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

   b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

   c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

   d. Plaintiff's costs; together with

    e.    Such other relief that the Court determines is just and proper.

DATED: October 23, 2015

**SANDERS LAW, PLLC**

By: /s/ Craig B. Sanders
  SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:108878